| District Court, Boulder County, State of Colorado<br>1777 Sixth Street, Boulder, Colorado 80306 | |
|---|---|
| | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Aug 19 2010 3:55PM MDT<br>Filing ID: 32769688<br>Review Clerk: N/A |
| **Plaintiffs:** PROBUILD HOLDINGS, INC., et al.,<br><br>v.<br><br>**Defendants:** GRANITE STATE INSURANCE COMPANY, et al. | ▲ COURT USE ONLY ▲ |
| | **Case Number:** 2010 CV 378<br>Division 5<br>Courtroom L |
| **ORDER GRANTING TRAVELERS, ST. PAUL, & EVANSTON'S MOTION TO DISMISS COUNTS I, II, & IV OF PROBUILD'S COMPLAINT** | |

## I. STATEMENT OF FACTS

### 1. Parties & Procedural History

The underlying lawsuits allege that Probuild Holdings, Inc, Probuild Company LLC, and their predecessors in interest (collectively "Probuild") sold defective and toxic Chinese drywall that caused property damage and bodily injuries. These cases are pending in Florida and Louisiana. Probuild is incorporated in Delaware and its principal place of business is Denver, Colorado.

On March 3, 2010, Probuild filed a suit in the United States District Court for the District of Colorado to resolve all of the insurance coverage issues related to the underlying claims under Colorado's declaratory judgment laws. C.R.S. 13-51-101-15; C.R.C.P. 57. Probuild voluntarily dismissed the federal action and brought an identical suit in Boulder District Court on April 7, 2010. This suit is pending and the subject of the current motions. In count one, Probuild asks the Court to declare that the primary insurers have a duty to defend Probuild in the underlying lawsuit. (Comp. 13.) In count two, Probuild asks the Court to declare that the primary insurers have a duty to indemnify Probuild in the underlying lawsuit. (Comp. 14.) In count three, Probuild charges Granite State ("Granite") with a breach of the duty of good faith and fair dealing. (Complaint 14-17.) In count four, Probuild asks this Court to declare that excess and umbrella insurers have a duty to indemnify. (Comp. 17.)

The primary insurers are Granite, Travelers Property Casualty Insurance Company ("Travelers"), Hartford Casualty Insurance Company ("Hartford"), Liberty Mutual Insurance Company ("Liberty Mutual"), Twin City Fire Insurance Company ("Twin City"), Continental Casualty Company ("CAN"), and Hartford Fire Insurance Company ("Hartford Fire"). All primary insurance companies are out-of-state corporations but are licensed to sell insurance in Colorado.

1


EXHIBIT J

The excess and umbrella insurers are Travelers, Hartford Fire, St. Paul, Everest, National Union, Evanston Insurance Company ("Evanston"), Hartford Underwriters Insurance Company ("Hartford Underwriters"), and United States Fire Insurance Company ("U.S. Fire"). All excess and umbrella insurers are out-of-state-defendants but are licensed to sell insurance in Colorado.

### 2. Travelers & St. Paul's Motion to Dismiss

On June 2, 2010, Travelers and St. Paul filed a motion to dismiss count one because this Court lacks subject matter jurisdiction and to dismiss counts two and four for failure to state a claim upon which relief can be granted. Travelers and St. Paul argue that the primary insurers are paying all of Probuild's legal fees and consequently there is no present dispute and therefore no subject matter jurisdiction on the question of whether the primary insurers have a duty to defend. C.R.C.P. 12(b)(1). Travelers and St. Paul also argue that declaratory judgment on indemnification is premature as a matter of law until the underlying case is resolved. C.R.C.P. 12(b)(5). Further, Travelers and St. Paul argue that Probuild does not sufficiently implicate St. Paul because St. Paul issued insurance policies to a company named Strober Organization ("Strober"), and Probuild does not assert why insurance policies issued to Strober cover Probuild.

On July 9, 2010, Probuild filed its response in opposition to Travelers and St. Paul's motions to dismiss. Probuild argues that the motion to dismiss primarily concerns whether there is a valid dispute. Probuild argues that there is a valid dispute because the insurance companies each owe Probuild a complete defense and may not apportion defense costs amongst themselves and because the insurance companies unjustly submitted reservation of rights letters to Probuild. Further, Probuild argues that there is also a clear dispute because the insurers contest whether they have a duty to indemnify Probuild.

On July 23, 2010, Travelers and St. Paul filed a reply in support of their motion to dismiss. Travelers and St. Paul argue that Colorado law provides for reservation of rights letters and pro-rata apportionment of costs amongst insurers. Both Travelers and St. Paul restate their argument that Colorado law requires that the underlying case be resolved before a court determines a duty to indemnify.

### 3. Evanston's Motion to Dismiss

On June 2, 2010, Evanston filed a motion to dismiss count four of Probuild's Complaint. Evanston argues that Probuild insufficiently pled its case to implicate Evanston's insurance policies; Evanston issued excess insurance policies to Strober and not Probuild. Further, Evanston argues that Probuild's motion for declaratory judgment that the excess insurers must indemnify Probuild is premature as a matter of law. Evanston's reasoning is identical to that of Travelers and St. Paul's. On July 9, 2010, Probuild responded in opposition to Evanston's motion, and on Jul 27, Evanston replied to Probuild's response. Both parties restated the same arguments presented by, and in response to, Travelers and St. Paul's motions.

## II. LEGAL STANDARDS

### 1. Motion to Dismiss Pursuant To C.R.C.P. 12(b)(1)

Under C.R.C.P. 12(b)(1), a plaintiff has the burden of proving subject matter jurisdiction. *Capra v. Tucker*, 857 P.2d 1346 (Colo. App. 1993). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists, and the trial court need not treat the facts alleged in the complaint as true. *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001) (en banc). The trial court may make appropriate factual findings based on evidence presented and need not draw all inferences in the plaintiff's favor. *Id.* In order to establish subject matter jurisdiction, the plaintiff must prove that there is an injury-in-fact and that the injury must be a legally protected interest. *Ainscough v. Owens*, 90 P.3d 851, 856-7 (Colo. 2004). Specifically, the Plaintiff must prove that there is a presently existing controversy that can be resolved by declaratory judgment. *Villa Sierra Condominium Ass'n v. Field Corp.*, 878 P.2d 161, 165 (Colo.App. 1994).

### 2. Motion to Dismiss Pursuant To C.R.C.P. 12(b)(5)

C.R.C.P. 12(b)(5) allows dismissal of a complaint for failure to state a claim on which relief can be granted. The purpose of a motion under Rule 12(b)(5) is to test the formal sufficiency of the complaint. *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911 (Colo. 1996); *Dunlap v. Colo. Springs Cablevision*, 829 P.2d 1286, 1290 (Colo. 1992). When reviewing a motion to dismiss, the court may only consider matters within the four corners of the complaint. *Espinoza v. O'Dell*, 633 P.2d 455, 467 (Colo. 1981). The court must accept allegations of the complaint as true and draw all inferences in favor of the non-moving party. *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001). The rules of notice pleading only require a "short plain statement of the claim showing that the pleader is entitled to relief." C.R.C.P. 8(a)(2*); Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 122 (Colo. 1992). Therefore, dismissal is appropriate only if it clearly appears that the non-moving party is entitled to no relief under the facts pled. C.R.C.P. 12(b)(5); *Douglas County Nat'l Bank v. Pfeiff*, 809 P.2d 1100, 1102 (Colo. App. 1991); *Nat'l Sur. Corp. v. Citizens State Bank*, 593 P.2d 362, 364 (Colo. App. 1978). If relief could be granted based on the facts stated in the complaint, then the complaint is sufficient. *Schlitters v. State*, 787 P.2d 656, 658 (Colo. App. 1990).

### 3. Standards For Declaratory Relief

Any person with legally cognizable interests is entitled to seek a declaration of rights and obligations under a contract. C.R.S. 13-51-101–115. If a party initiates an action for declaratory relief before the underlying litigation has come to an end, then the decision about whether to permit an anticipatory declaratory judgment falls within the sound discretion of the trial court. *Troelstrup v. District Court*, 712 P.2d 1010, 1012 (Colo. 1986). A district court's decision on declaratory judgment is reviewed for abuse of discretion, and it is not an abuse of discretion to delay a determination on the duty to defend and indemnify until after the underlying action is resolved. *Hartford Ins. Group v. Dist. Court*, 625 P.2d 1013, 1018 (Colo. 1981).

The court should consider three criteria when making an anticipatory declaratory judgment. *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d 556, 561. First, the action must be based on an actual controversy and it must represent more than the mere possibility of a future claim. *Heron v. City & county of Denver*, 411 P.2d 314, 315 (Colo. 1966); *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d at 561. Second, a court should only render declaratory judgment if it will fully resolve uncertainty and controversy to all relevant parties. *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d at 561. Third, a trial court must consider whether an anticipatory declaratory judgment is independent of and separable from the underlying action. *Id.*

### III.   MERITS

The Court dismisses counts one, two, and four, because Probuild does not allege a present dispute on the question of whether its insurers have a duty to defend. Colorado law requires Probuild to wait until the underlying lawsuit is resolved before Probuild may seek declaratory judgment on the question of whether the insurers have a duty to indemnify.

Probuild's insurers followed Colorado law and procedure when they paid Probuild's defense bills in full, apportioned the costs, and issued reservation of rights letters; these actions do not constitute a present dispute. Further, Colorado precedent clearly demonstrates that anticipatory declaratory judgment on an insurer's duty to indemnify is premature as a matter of law until an underlying claim, and consequently the scope of liability, is resolved.

#### 1.  Duty to Defend

Probuild does not allege a present dispute because Colorado law allows insurance companies to offer a defense under a reservation of rights and share the costs of a defense. Therefore Probuild does not satisfy its burden to properly allege subject matter jurisdiction. C.R.C.P. 12(b)(1); *See Hecla Min. Co. v. new Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991).

The duty to defend arises where the complaint alleges any facts that, if proven, may fall within the scope of coverage. *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d at 1089. An insured may seek declaratory judgment on its insurer's duty to defend but the action must be based on a present conflict and more than the mere possibility of a future claim. *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d at 561.

An insurer seeking to avoid its duty to defend an insured bears a heavy burden. *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d at 1089. The appropriate course of action for the insurer who believes that it is not under an obligation to defend is to provide a defense to the insured under a reservation of rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the

policy or to file a declaratory judgment action after the underlying case has been adjudicated. *Id.*

Although Colorado courts have not directly addressed the question of whether multiple insurers may share defense costs at the beginning of a case, Colorado precedent does permit *pro rata* apportionment of defense costs amongst insurers as a remedy for an insurance company's failure to participate in an insured's defense and also when insurance policies cover successive and overlapping periods. *National Cas. Co. v. Great Southwest Fire Ins. Co.,* 833 P.2d 741, 747 (Colo. 1992) (holding that an insurer with a duty to defend who failed to contribute to an insured's defense must pay a pro-rata portion of defense costs); *Public Service Co. of Colorado v. Wallis and Companies,* 986 P.2d 924, 940 (Colo. 1999) (holding that pro-rata apportionment is equitable and logical when insurance companies cover overlapping time frames).

Other States and the federal courts diverge on the question of whether insurers may share the cost of defense; however, the majority of jurisdictions permit multiple insurers to share the costs of a defense. *See, e.g. Medical Mut. Ins. Co. of NC v. American Cas. Co. of Reading, PA,* No. 5:08-CV-510-F, 2010 U.S. Dist. LEXIS 58871, at *47 (E.D.N.C. July 14, 2010) (holding that equitable considerations require that insurers share the cost of defense). *But see, e.g. Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.,* 592 F.3d 687, 695 (5th Cir. 2010) (holding that when an insured has multiple concurrent insurance policies that each insurer has a joint and severable duty to defend).

First, Probuild ignores that Colorado law permits and requires Travelers and St. Paul to provide Probuild with a formal reservation of rights if they believe that they may not have a duty to defend. *Hecla Min. Co. v. New Hampshire Ins. Co.,* 811 P.2d at 1089. The reservation of rights letters state that the insurers believe they may not have a duty to defend and explain circumstances when the insurers may recoup defense costs from Probuild. (Mot. p. 4.) The Colorado Supreme Court specifically prescribes this procedure as the equitable and lawful practice. *Hecla Min. Co. v. New Hampshire Ins. Co.,* 811 P.2d at 1089. Consequently, the insurer's reservations of rights letters do not constitute a present dispute.

Second, Colorado Law allows *pro rata* apportionment of defense costs as an appropriate practice when faced with similar insurance claims. *National Cas. Co. v. Great Southwest Fire Ins. Co.,* 833 P.2d at 747; *Public Service Co. of Colorado v. Wallis and Companies,* 986 P.2d at 940. Moreover, Colorado law requires a district court to consider only a present controversy and not a hypothetical future conflict. *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d at 561. Here, both parties attest that the primary insurers have paid all defense costs, and Colorado precedent permits insurers to apportion defense costs. Consequently, this Court is not persuaded that Probuild suffers a present dispute, and therefore this Court dismisses count one in Probuild's complaint for failure to carry plaintiff's burden to establish subject matter jurisdiction.

## 2. Duty to Indemnify

Probuild does not state a claim upon which relief can be granted for counts two and four, because Colorado law requires that Probuild resolve the underlying claim before Probuild may seek declaratory judgment on the question of indemnification. C.R.C.P. 12(b)(5); *See Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 621 (Colo. 1999).

Under Colorado law, the duty to indemnify is the insurer's obligation to cover the costs of a settlement or a judgment, up the limit of a particular policy. *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d at 564. An insurer only has a duty to indemnify if the policy actually covers the alleged harm. *Compass Ins. Co. v. City of Littleton,* 984 P.2d at 621. The duty to indemnify is separate from the duty to defend, and it is not as broad. *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d at 564. Resolution of the duty to indemnify is premature where there is a duty to defend but the liability of the insured has not yet been determined because indemnity is not independent and separable from the underlying claim. *Compass Ins. Co. v. City of Littleton,* 984 P.2d at 621; *Heron v. City and County of Denver,* 411 P.2d at 316-317 (Colo. 1966); *Addison Ins. Co. v. Maynard,* no. 08-cv-00054, 2008 WL 2079143, at *4 (D. Colo 2008) (applying Colorado Law).

Here, the scope of Probuild's liability is not resolved and, consequently, anticipatory declaratory judgment is premature because the question of indemnification is not independent and separable from the underlying claim. *Hecla Min. Co. v. New Hampshire Ins. Co.,* 811 P.2d at 1089. Probuild is not yet liable for any damages in the underlying lawsuit. Further, even if Probuild is liable for damages, it is not yet clear whether this liability falls within the scope of one or more of the insurance policies. Therefore, this Court holds that Probuild is not entitled to declaratory judgment on the question of indemnification as a matter of law.

## CONCLUSION

**For the reasons listed above,**

>The Defendant's Motion to Dismiss Count's Two and Four Pursuant to C.R.C.P. 12(b)(5) is **GRANTED**.

>The Defendant's Motion to Dismiss Count One Pursuant to C.R.C.P. 12(b)(1) is **GRANTED**.

Dated: August 19, 2010        By the Court

_____
R. Bailin, District Judge

6