| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER<br>STATE OF COLORADO<br>1777 6th Street<br>P.O Box 4249<br>Boulder, CO 80302<br>(303) 441-3726 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Dec 7 2010  1:40PM MST<br>Filing ID: 34722981<br>Review Clerk: N/A |
| **Plaintiff(s):** PROBUILD HOLDINGS, INC., et al.,<br><br>v.<br><br>**Defendant(s):** GRANITE STATE INSURANCE<br>COMPANY, et al. | COURT USE ONLY |
| | Case Number: 10CV378 |
| | Division 5 |

**AMENDED ORDER GRANTING FIREMAN'S, EVEREST'S, AND UNITED STATES FIRE'S MOTIONS TO DISMISS COUNT IV AND HARTFORD'S MOTION TO DISMISS COUNTS I, II, AND IV OF PROBUILD'S COMPLAINT**

## I.  STATEMENT OF FACTS

**Parties & Procedural History**

The underlying lawsuits allege that Probuild Holdings, Inc, Probuild Company LLC, and their predecessors in interest (collectively "Probuild") sold defective and toxic Chinese drywall that caused property damage and bodily injuries. These cases are pending in Florida and Louisiana. Probuild is incorporated in Delaware and its principal place of business is Denver, Colorado.

Probuild's alleged primary insurers are Granite, Travelers Property Casualty Insurance Company ("Travelers"), Hartford Casualty Insurance Company ("Hartford"), Liberty Mutual Insurance Company ("Liberty Mutual"), Twin City Fire Insurance Company ("Twin City"), Continental Casualty Company ("CAN"), and Hartford Fire Insurance Company ("Hartford Fire"). All primary insurance companies are out-of-state corporations but are licensed to sell insurance in Colorado.

Probuild's alleged excess and umbrella insurers are Travelers, Hartford, Fireman's Fund Insurance Company ("Fireman's"), St. Paul Fire & Marine Insurance Company ("St. Paul"), Everest National Insurance Company ("Everest"), National Union Fire Insurance Company of Pittsburgh Pennsylvania ("National Union"), Evanston Insurance Company ("Evanston"), Hartford Underwriters Insurance Company ("Hartford Underwriters"), and United States Fire Insurance Company ("U.S. Fire"). All excess and umbrella insurers are out-of-state-defendants but are licensed to sell insurance in Colorado.



On March 3, 2010, Probuild filed a suit in the United States District Court for the District of Colorado to resolve all of the insurance coverage issues related to the underlying claims under Colorado's declaratory judgment laws. C.R.S. 13-51-101-15; C.R.C.P. 57. Probuild voluntarily dismissed the federal action and brought an identical suit in Boulder District Court on April 7, 2010. This suit is pending and the subject of the current motions. In count one, Probuild asks the Court to declare that the primary insurers have a duty to defend Probuild in the underlying lawsuit. (Comp. 13.) In count two, Probuild asks the Court to declare that the primary insurers have a duty to indemnify Probuild in the underlying lawsuit. (Comp. 14.) In count three, Probuild charges Granite State ("Granite") with a breach of the duty of good faith and fair dealing. (Complaint 14-17.) In count four, Probuild asks this Court to declare that excess and umbrella insurers have a duty to indemnify. (Comp. 17.)

On August 19, 2010, this Court ruled on motions to dismiss from Travelers, St. Paul, and Everest that made similar, if not identical, arguments to the ones the Court is addressing in this order. In that August order, this Court dismissed Count I against Travelers and St. Paul pursuant to C.R.C.P. 12(b)(1); the Court lacked subject matter jurisdiction. This Court reasoned that it lacked subject matter due to Probuild's failure to allege a present dispute because Colorado law allows insurance companies to offer a defense under a reservation of rights and also allows insurance companies to share the costs of a defense. Pursuant to C.R.C.P. 12(b)(5), failure to state a claim on which relief may be granted, this Court also dismissed Count II against Travelers and Count IV against Travelers, St. Paul and Evanston. This Court, citing to Colorado caselaw, held that Probuild must resolve the underlying claim before it may seek declaratory judgment on the question of indemnification.

Following the August 19, 2010 order, motions to dismiss were filed on September 10, 2010 by Defendants U.S. Fire, Everest, and Fireman's to dismiss the claims against them. On September 23, 2010, Defendants Hartford, Hartford Fire, Twin City, and Hartford Underwriters also filed a motion to dismiss. As mentioned above, each of these motions makes similar, if not identical, arguments to the motions this Court granted in August. For the reasons stated below, the Parties respective motions to dismiss are granted.

## U.S. Fire's Motion to Dismiss

On September 10, 2010, U.S. Fire filed a motion to dismiss Count IV of Probuild's First Amended Complaint pursuant to C.R.C.P. 12(b)(5) or, in the alternative, enter a judgment on the pleadings in favor of U.S. Fire pursuant C.R.C.P. 12(c). U.S. Fire argues that declaratory judgment on indemnification is premature as a matter of law until the underlying case is resolved. U.S. Fire's reasoning is identical to that of Travelers, St. Paul's and Evanston's, all of whom have had the claims against them dismissed on those grounds. In addition, U.S. Fire argues that, because its excess policy backs up a Travelers' policy, the Court should not make a determination regarding U.S. Fire's duty to indemnify without addressing Travelers' duty to indemnify first. On October 5, 2010, Probuild responded in collective opposition to U.S. Fire's, Fireman's, and Everest's motions arguing that its claim was not premature because the

3

Defendants' liability is independent and separable from the underlying claims. Probuild also argued that it is irrelevant that not all potential parties have been included in the Complaint due to the Court's earlier dismissal of charges. On October 18, 2010, U.S. Fire replied to Probuild's response restating some of its original arguments and also by arguing that Probuild's irrelevance argument directly contradicts C.R.C.P. 57(j) which requires participation by all parties who may be prejudiced by a proceeding.

**Everest's Motion to Dismiss**

Everest also filed its motion to dismiss Count IV of Probuild's First Amended Complaint on September 10, 2010, pursuant to C.R.C.P. 12(b)(5) or, in the alternative, its motion to enter a judgment on the pleadings in favor of Everest pursuant C.R.C.P. 12(c). Everest argues that declaratory judgment on indemnification is premature as a matter of law until the underlying case is resolved. Everest's reasoning is identical to that of Travelers, St. Paul's and Evanston's, all of whom have had the claims against them dismissed on those grounds. In addition, Everest argues that the Court should not make a determination regarding Everest's duty to indemnify without first identifying all of parties who have a potential interest in the claim by first resolving the underlying claims. On October 5, 2010, Probuild responded in collective opposition to U.S. Fire's, Fireman's, and Everest's motions arguing that its claim was not premature because the Defendants' liability is independent and separable from the underlying claims. On October 18, 2010, Everest replied to Probuild's response restating some of its original arguments and also by arguing that a declaratory judgment in Probuild's favor finding that Everest and the other insurer's have a duty to indemnify might result in inconsistent rulings in the case.

**Fireman's Motion to Dismiss**

Fireman's also filed its motion to dismiss Count IV of Probuild's First Amended Complaint on September 10, 2010, pursuant to C.R.C.P. 12(b)(5) or, in the alternative, its motion to enter a judgment on the pleadings in favor of Fireman's pursuant C.R.C.P. 12(c). Fireman's argues that declaratory judgment on indemnification is premature as a matter of law until the underlying case is resolved. Fireman's reasoning is identical to that of Travelers, St. Paul's and Evanston's, all of whom have had the claims against them dismissed on those grounds. On October 5, 2010, Probuild responded in collective opposition to U.S. Fire's, Fireman's, and Everest's motions arguing that its claim was not premature because the Defendants' liability is independent and separable from the underlying claims. On October 15, 2010, Fireman's replied to Probuild's response by also arguing that a declaratory judgment in Probuild's favor, finding that Fireman's and the other insurer's have a duty to indemnify, might result in inconsistent rulings in the case.

**Hartford's Motion to Dismiss**

On September 23, 2010, Defendants Hartford, Hartford Fire, Twin City, and Hartford Underwriters (the "Hartford Defendants") jointly filed a motion to dismiss Count I because this Court lacks subject matter jurisdiction (C.R.C.P. 12(b)(1)) and Counts II, and IV for failure to

state a claim on which relief may be granted (C.R.C.P. 12(b)(5)) or, in the alternative, enter a judgment on the pleadings pursuant C.R.C.P. 12(c). The Hartford Defendants argue this Court should dismiss Count I for the same reason the Court dismissed the claims against Travelers, St. Paul, and Evanston in August, 2010. On October 12, 2010 Probuild responded to this motion by arguing that the claims against the Hartford Defendants are different because the Hartford Defendants are refusing to provide a defense for certain claims on the grounds that they fall outside its coverage period. The Hartford Defendants replied by arguing that there is no existing dispute on the issue of Probuild's defense because the primary insurers are providing a complete defense against the underlying claims regardless of the Hartford Defendant's denial of a defense for certain underlying claims.

## II.   LEGAL STANDARDS

**Standards for Declaratory Relief**

Any person with legally cognizable interests is entitled to seek a declaration of rights and obligations under a contract. C.R.S. 13-51-101–115. If a party initiates an action for declaratory relief before the underlying litigation has come to an end, then the decision about whether to permit an anticipatory declaratory judgment falls within the sound discretion of the trial court. *Troelstrup v. District Court,* 712 P.2d 1010, 1012 (Colo. 1986). A district court's decision on declaratory judgment is reviewed for abuse of discretion, and it is not an abuse of discretion to delay a determination on the duty to defend and indemnify until after the underlying action is resolved. *Hartford Ins. Group v. Dist. Court,* 625 P.2d 1013, 1018 (Colo. 1981).

The court should consider three criteria when making an anticipatory declaratory judgment. *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d 556, 561. First, the action must be based on an actual controversy and it must represent more than the mere possibility of a future claim. *Heron v. City & county of Denver,* 411 P.2d 314, 315 (Colo. 1966); *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d at 561. Second, a court should only render declaratory judgment if it will fully resolve uncertainty and controversy to all relevant parties. *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d at 561. Third, a trial court must consider whether an anticipatory declaratory judgment is independent of and separable from the underlying action. *Id.*

**Motion to Dismiss Pursuant to C.R.C.P. 12(b)(1)**

Under C.R.C.P. 12(b)(1), a plaintiff has the burden of proving subject matter jurisdiction. *Capra v. Tucker,* 857 P.2d 1346 (Colo. App. 1993). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists, and the trial court need not treat the facts alleged in the complaint as true. *Medina v. State,* 35 P.3d 443, 452 (Colo. 2001) (en banc). The trial court may make appropriate factual findings based on evidence presented and need not draw all inferences in the plaintiff's favor. *Id.* In order to establish subject matter jurisdiction, the plaintiff must prove that there is an injury-in-fact and that the injury must be a legally protected interest. *Ainscough v. Owens,* 90 P.3d 851, 856-7 (Colo. 2004). Specifically, the plaintiff must prove that there is a presently existing controversy that can be resolved by declaratory judgment. *Villa Sierra Condominium Ass'n v. Field Corp.,* 878 P.2d 161, 165 (Colo.App. 1994).

**Motion to Dismiss Pursuant to C.R.C.P. 12(b)(5)**

C.R.C.P. 12(b)(5) allows dismissal of a complaint for failure to state a claim on which relief can be granted. The purpose of a motion under Rule 12(b)(5) is to test the formal sufficiency of the complaint. *Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909, 911 (Colo. 1996); *Dunlap v. Colo. Springs Cablevision,* 829 P.2d 1286, 1290 (Colo. 1992). When reviewing a motion to dismiss, the court may only consider matters within the four corners of the complaint. *Espinoza v. O'Dell,* 633 P.2d 455, 467 (Colo. 1981). The court must accept allegations of the complaint as true and draw all inferences in favor of the non-moving party. *Medina v. State,* 35 P.3d 443, 452 (Colo. 2001). The rules of notice pleading only require a "short plain statement of the claim showing that the pleader is entitled to relief." C.R.C.P. 8(a)(2); *Shapiro & Meinhold v. Zartman,* 823 P.2d 120, 122 (Colo. 1992). Therefore, dismissal is appropriate only if it clearly appears that the non-moving party is entitled to no relief under the facts pled. C.R.C.P. 12(b)(5); *Douglas County Nat'l Bank v. Pfeiff,* 809 P.2d 1100, 1102 (Colo. App. 1991); *Nat'l Sur. Corp. v. Citizens State Bank,* 593 P.2d 362, 364 (Colo. App. 1978). If relief could be granted based on the facts stated in the complaint, then the complaint is sufficient. *Schlitters v. State,* 787 P.2d 656, 658 (Colo. App. 1990).

**Motion for Judgment on the Pleadings Pursuant to C.R.C.P. 12(c)**

C.R.C.P. 12(c) allows a party to move for judgment on the pleadings at any time after the pleadings are closed, so long as such motion does not delay the trial. In considering a motion for judgment on the pleadings, the court must construe the allegations of the pleadings strictly against the movant. <u>Strout Realty, Inc. v. Snead</u>, 35 Colo. App. 204, 530 P.2d 969 (1975). Thus, the nonmoving party's allegations are taken as true. <u>Abts v. Bd. of Educ.</u>, 622 P.2d 518 (Colo. 1980). Judgment on the pleadings is appropriate only if the moving party is entitled to judgment as a matter of law. <u>Trip v. Parga</u>, 847 P.2d 165 (Colo. App. 1992). In order to grant judgment as a matter of law, there can be no genuine issue as to any material fact relating to the adequacy of the complaint. <u>Van Schaack v. Phipps</u>, 38 Colo. App. 140, 558 P.2d 581 (1976). A motion for judgment on the pleadings should not be sustained unless it appears that the pleadings are such that no amendment could be made. <u>Lammon v. Zamp</u>, 81 Colo. 90, 253 P. 1056 (1927); <u>Kingsbury v. Vreeland</u>, 58 Colo. 212, 144 P. 887 (1914); <u>McLaughlin v. Niles Co.</u>, 88 Colo. 202, 294 P. 954 (1930).

### III.   MERITS

The Court dismisses counts one because Probuild does not allege a present dispute on the question of whether its insurers have a duty to defend. The Court also dismisses counts two and four because Colorado law requires Probuild to wait until the underlying lawsuit is resolved before Probuild may seek declaratory judgment on the question of whether the insurers have a duty to indemnify.

Probuild's insurers followed Colorado law and procedure when they paid Probuild's defense bills in full, apportioned the costs, and issued reservation of rights letters; these actions do not constitute a present dispute. Further, Colorado precedent clearly demonstrates that

anticipatory declaratory judgment on an insurer's duty to indemnify is premature as a matter of law until an underlying claim, and consequently the scope of liability, is resolved.

## 1. Duty to Defend

Probuild does not allege a present dispute because Colorado law allows insurance companies to offer a defense under a reservation of rights and share the costs of a defense. Therefore Probuild does not satisfy its burden to properly allege subject matter jurisdiction. C.R.C.P. 12(b)(1); *See Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991).

The duty to defend arises where the complaint alleges any facts that, if proven, may fall within the scope of coverage. *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d at 1089. An insured may seek declaratory judgment on its insurer's duty to defend but the action must be based on a present conflict and more than the mere possibility of a future claim. *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d at 561.

As the Court noted in its August order, Colorado courts have not directly addressed the question of whether multiple insurers may share defense costs at the beginning of a case. However, Colorado precedent does permit *pro rata* apportionment of defense costs amongst insurers as a remedy for an insurance company's failure to participate in an insured's defense and also when insurance policies cover successive and overlapping periods. *National Cas. Co. v. Great Southwest Fire Ins. Co.*, 833 P.2d 741, 747 (Colo. 1992) (holding that an insurer with a duty to defend who failed to contribute to an insured's defense must pay a pro-rata portion of defense costs); *Public Service Co. of Colorado v. Wallis and Companies*, 986 P.2d 924, 940 (Colo. 1999) (holding that pro-rata apportionment is equitable and logical when insurance companies cover overlapping time frames).

Other States and the federal courts diverge on the question of whether insurers may share the cost of defense; however, the majority of jurisdictions permit multiple insurers to share the costs of a defense. *See, e.g. Medical Mut. Ins. Co. of NC v. American Cas. Co. of Reading, PA*, No. 5:08-CV-510-F, 2010 U.S. Dist. LEXIS 58871, at *47 (E.D.N.C. July 14, 2010) (holding that equitable considerations require that insurers share the cost of defense). *But see, e.g. Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 695 (5th Cir. 2010) (holding that when an insured has multiple concurrent insurance policies that each insurer has a joint and severable duty to defend).

Here, both parties attest that the primary insurers have paid all defense costs, and Colorado precedent permits insurers to apportion defense costs. Consequently, this Court is not persuaded that Probuild suffers a present dispute, and therefore this Court dismisses Count I in Probuild's complaint for failure to carry Plaintiff's burden to establish subject matter jurisdiction.

## 2. Duty to Indemnify

Just as this Court held in its August order, Probuild does not state a claim upon which relief can be granted for Counts II and IV, because Colorado law requires that Probuild resolve the underlying claim before Probuild may seek declaratory judgment on the question of indemnification. C.R.C.P. 12(b)(5); *See Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 621 (Colo. 1999).

Under Colorado law, the duty to indemnify is the insurer's obligation to cover the costs of a settlement or a judgment, up the limit of a particular policy. *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d at 564. An insurer only has a duty to indemnify if the policy actually covers the alleged harm. *Compass Ins. Co. v. City of* Littleton, 984 P.2d at 621. The duty to indemnify is separate from the duty to defend, and it is not as broad. *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d at 564. Resolution of the duty to indemnify is premature where there is a duty to defend but the liability of the insured has not yet been determined because indemnity is not independent and separable from the underlying claim. *Compass Ins. Co. v. City of Littleton,* 984 P.2d at 621; *Heron v. City and County of Denver,* 411 P.2d at 316-317 (Colo. 1966); *Addison Ins. Co. v. Maynard,* no. 08-cv-00054, 2008 WL 2079143, at *4 (D. Colo 2008) (applying Colorado Law).

Here, the scope of Probuild's liability is not resolved and, consequently, anticipatory declaratory judgment is premature because the question of indemnification is not independent and separable from the underlying claim. *Hecla Min. Co. v. New Hampshire Ins. Co.,* 811 P.2d at 1089. Probuild is not yet liable for any damages in the underlying lawsuit. Further, even if Probuild is liable for damages, it is not yet clear whether this liability falls within the scope of one or more of the insurance policies. Therefore, this Court holds that Probuild is not entitled to declaratory judgment on the question of indemnification as a matter of law.

## IV.   CONCLUSION

For the reasons listed above,

The Defendants' Motion to Dismiss Count One Pursuant to C.R.C.P. 12(b)(1) is **GRANTED**. The Defendants' Motion to Dismiss Counts Two and Four Pursuant to C.R.C.P. 12(b)(5) is **GRANTED**.

Done this __7ʸᵃ__ day of December, 2010.

BY THE COURT:

Carol Glowinsky,
District Court Judge

8